# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

February 25, 2020

LETTER TO COUNSEL

RE:     *Christina B. v. Commissioner, Social Security Administration*
        Civil No. DLB-18-3857

Dear Counsel:

On December 14, 2018, Plaintiff Christina B. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF 14, 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on January 20, 2015, alleging a disability onset date of October 24, 2014. Tr. 193-99. Her claim was denied initially and on reconsideration. Tr. 124-27, 129-30. A hearing was held on August 16, 2017, before an Administrative Law Judge ("ALJ"). Tr. 44-78. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 22-38. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "obesity, fibromyalgia, knee dysfunction, degenerative disc disease, asthma/allergies, carpal tunnel syndrome (CTS) status-post carpal tunnel release, and migraine headaches." Tr. 24. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a range of light work as defined in 20 CFR 416.967(b), except occasionally climb ramps/stairs, stoop, kneel, balance, crouch, crawl; frequently use hands bilaterally for handling and fingering; never climb ladders/ropes/scaffolds; avoid concentrated exposure to hazards including dangerous moving machinery, uneven terrain, and unprotected heights, and avoid concentrated exposure to environmental irritants including dusts, fumes, odors, gases, and poor ventilation, and extreme heat,

extreme cold, and humidity. She is also limited to office-level light, and moderate noise.

Tr. 29. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a sales clerk and directory assistant operator and, in the alternative, could perform other jobs existing in significant numbers in the national economy. Tr. 36-37. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 37-38.

Plaintiff raises two arguments on appeal: (1) that the ALJ's evaluation of Plaintiff's fibromyalgia did not comply with Social Security Ruling ("SSR") 12-2p; and (2) that the ALJ did not provide an adequate analysis of Listing 1.04A at step three. ECF 14-1 at 9-32. Plaintiff argues that the ALJ's evaluation of Listing 1.04A failed to comply with Fourth Circuit precedent. For support, Plaintiff cites to *Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986); *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013); *Fox v. Colvin*, 632 F. App'x 750 (4th Cir. 2015); and *Brown v. Colvin*, 639 F. App'x 921 (4th Cir. 2016). ECF 14-1 at 22-24. I agree that the ALJ's listing analysis was inadequate, and that remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

At step three of the sequential evaluation, an ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings describe each of the major body system impairments that the SSA "consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925(a). Listings 1.00 *et. seq.* through Listings 11.00, *et. seq.*, Listings 13.00 *et. seq.*, and Listings 14.00 *et. seq.*, pertain to physical impairments. Each physical impairment listing contains a set of signs or objective medical findings that must be present for the claimant's impairment to meet the listing. In *Fox*, the Fourth Circuit clarified the evidentiary requirements needed to support an ALJ's determination of whether any of a claimant's impairments meets a listing at step three of the sequential evaluation. 632 F. App'x 750 (4th Cir. 2015).

In *Fox*, regarding his findings at step three of the sequential evaluation, the ALJ stated:

> Although the claimant has 'severe' impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

632 F. App'x at 754-55. The Fourth Circuit held that the ALJ's analysis was deficient because it consisted of conclusory statements and did not include "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* at 755 (quoting *Radford*, 734 F.3d at 295). That is, the ALJ did not apply any findings or medical evidence to the disability listing and "offered nothing to reveal *why* he was making his decision." *Id.* (emphasis in original). The Fourth Circuit also rejected the notion that failure to engage in meaningful analysis at step three could constitute harmless error where

the record evidence otherwise demonstrated that the claimant did not meet a listing. *Id.* Rather, the *Fox* Court emphasized that it is not the Court's role to "engage[] in an analysis that the ALJ should have done in the first instance," or "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* The *Fox* Court noted that it could not conduct a meaningful review "when there is nothing on which to base a review." *Id.*

Here, the ALJ's step three analysis is as follows:

Under subsection 1.04, the evidence of record does not establish evidence resulting in compromise of a nerve root or the spinal cord, with evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). Further, there is no evidence of spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours, or lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in the inability to ambulate effectively. Thus, the criteria of subsection 1.04 has not been met.

Tr. 28. This analysis is similar to the inadequate ALJ analysis in *Fox*. To meet Listing 1.04A, a claimant must first establish a disorder of the spine that results in the compromise of a nerve root and additionally show:

Evidence of nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04A.[1] In her step three analysis, the ALJ dismissed all three subsections of Listing 1.04 by naming the requirements of the three subsections and concluding, without more, that Plaintiff had not met the criteria. Tr. 28.

---

[1] The other two subsections of Listing 1.04 also require the claimant to first establish a disorder of the spine resulting in the compromise of a nerve root, along with either:

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

OR

The Commissioner asserts that "[w]hile [Plaintiff] argues that her case should be remanded because the ALJ did not properly articulate her analysis at step three of the sequential evaluation, [Plaintiff] cannot ignore her own burden of demonstrating that her impairments meet *all* of the specified medical criteria of any listing." ECF 17-1 at 10 (emphasis in original).

The Commissioner, it appears, would have this Court "review the record and cure the ALJ's deficienc[ies]," a task that *Fox* prohibits. 632 F. App'x at 755. *Fox* and its progeny instruct that "it is not [the court's] role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Id.* While the Fourth Circuit noted that "[i]nconsistent evidence abound[ed]" in *Fox*, it did not base its holding on any conflict in the evidence of record. *Id.* Rather, the Fourth Circuit emphasized that a court is unable to conduct meaningful review where an ALJ fails to provide "any 'specific application of the pertinent legal requirements to the record evidence.'" *Id.* (citing *Radford*, 734 F.3d at 295). Likewise, in *Brown v. Colvin*, the Fourth Circuit explicitly declined "the Commissioner's invitations to review the medical record *de novo* to discover facts to support or refute the ALJ's finding at Step Three" and held that "it was error for the district court to do so." 639 F. App'x at 923. While the Fourth Circuit indicated that the record in *Brown* was "not so one-sided that one could clearly decide, without analysis, that Listing 4.04C is not implicated," this was not the Fourth Circuit's only reason for remand. *Id.* Instead, the Fourth Circuit cited *Radford* in remanding the case "to avoid engaging in fact-finding 'in the first instance' and to allow the ALJ to further develop the record so that we can conduct a meaningful judicial review in the event the case returns to us." *Id.* (citing *Radford*, 734 F.3d at 296).

Because the ALJ here did not provide a reviewable analysis, I would have to review the medical record *de novo* to assess whether the criteria of Listing 1.04A are met. I decline to do so in light of the Fourth Circuit's clear directives in *Radford,* and equally clear but non-binding decisions in *Fox* and *Brown.* Accordingly, remand is warranted for the ALJ to provide an explanation of her application of Listing 1.04A to Plaintiff's case.

The Commissioner further argues that the ALJ's decision, when read as a whole, adequately explains the ALJ's step three analysis. *Id.* at 12 (citing *Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011)). However, despite asserting that "the ALJ's full discussion of the medical evidence in the next section of the decision leaves no question regarding the ALJ's analysis of the listing criteria," *id.* at 12, the Commissioner does not point to where in the decision the ALJ cured her inadequate step three analysis. While the ALJ included some discussion of Plaintiff's treatment records regarding her lumbar spine, Tr. 30-32, the ALJ's opinion does not contain an assessment of the criteria set forth in Listing 1.04A. Fourth Circuit precedent does not permit this Court to engage in a broad review of the record evidence in the first instance. The *Fox* Court found fault in the ALJ's analysis because he did not "provide any explanation connecting his determination to that of [the claimant's] failure to meet the

---

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04.

listing impairment." 632 F. App'x at 755. Thus, regardless of whether there was inconsistent evidence in the record, the ALJ had a duty to connect the requirements of relevant listings to medical findings regarding Plaintiff's severe impairments. Furthermore, that duty would not be fulfilled by an ALJ's discussion of medical evidence elsewhere in the decision, unless the evidence was directly connected to the requirements of a listing. *See Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) ("Reading the ALJ's decision as a whole, substantial evidence supports the finding at step three of the sequential evaluation process as the ALJ's analysis at subsequent steps of the evaluation are inconsistent with meeting Listing 1.02."); *but see Fox*, 632 F. App'x at 755 ("Nor was there any 'specific application of the pertinent legal requirements to the record evidence.' As a result, the ALJ's findings lack the 'necessary predicate' for us to engage in review.") (citations omitted). Here, as in *Fox*, the ALJ failed to apply the requirements of relevant listings to the medical evidence at any point in the decision.

Plaintiff also argues that the ALJ erred by improperly evaluating her fibromyalgia. ECF 14-1 at 9-20. Plaintiff asserts that the ALJ wrongly "discredited Plaintiff's allegations and the opinions of her treating physicians regarding the intensity, persistence and limiting effects of her conditions," *id.* at 10; *see also* ECF 18 at 3, but there are no opinions from Plaintiff's treating physicians in the record. Indeed, Plaintiff does not cite to the opinions of any physicians to support her allegations. Additionally, Plaintiff contends that the ALJ discredited her allegations based largely on her "conservative treatment," ECF 14-1 at 10, but Plaintiff overlooks the ALJ's conclusion that Plaintiff's "inconsistencies suggest that the information provided by the claimant generally may not be entirely reliable," Tr. 33. The Commissioner argues that the ALJ "clearly recognized the fact that fibromyalgia may limit an individual's ability to sustain an activity on a regular and continuing basis and may cause symptoms that 'wax and wane.'" ECF 17-1 at 9. The Commissioner is correct that the ALJ named some of the effects fibromyalgia may have on an individual. Tr. 28 (discussing SSR 12-2p and concluding "These considerations have been taken into account in reaching the conclusions herein."). However, the remainder of the ALJ's decision scarcely mentions fibromyalgia or its effects on Plaintiff. *See* Tr. 30-35. Because this case is being remanded on other grounds, the Court need not decide the issue. On remand, the ALJ may consider whether her evaluation of Plaintiff's fibromyalgia properly adheres to SSR 12-2p.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 14 is DENIED, and Defendant's Motion for Summary Judgment, ECF 17, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge